***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Taylor, along with the briefs and arguments on appeal. The appealing party has shown good ground to modify the prior Opinion and Award. Accordingly, the Full Commission modifies the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The plaintiff's alleged date of injury is 2 March 2001.
2. On 2 March 2001, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On 2 March 2001, an employer-employee relationship existed between the parties.
4. On 2 March 2001, defendant-employer was self-insured for workers' compensation coverage.
5. All parties are properly before the Commission, and the Commission has jurisdiction over this action.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner in this matter, the plaintiff was a 49 year-old female, born 18 March 1953.
2. On 2 March 2001, the plaintiff was employed with defendant-employer as a substitute teacher. On that date, she asked a female student to stay after class because the student had been disruptive. The student began to leave after the period was over and when the plaintiff approached her, the student turned and shoved her with one hand and pulled out a chair. The plaintiff fell over the chair in front of her.
3. As a direct and proximate result of this incident, the plaintiff sustained a right-sided avulsion fracture of the greater trochanter.
4. The plaintiff was treated by various doctors for her hip fracture and various other problems. The plaintiff was treated by Dr. Suh, Dr. Taylor, Dr. Benjamin and was treated at the emergency room repeatedly.
5. On 2 March 2001, the plaintiff sustained a compensable injury by accident arising out of and in the course and scope of her employment with defendant-employer.
6. As a direct and proximate result of her compensable injury, the plaintiff sustained an avulsion fracture of the greater trochanter on the right side.
7. Dr. Somers released the plaintiff to return to employment as tolerated as of 22 May 2001.
8. As a direct and proximate result of the plaintiff's compensable injury, the plaintiff was unable to work in the same or any other employment from 2 March 2001 through and including 22 May 2001.
9. The plaintiff has reached maximum medical improvement. There is no evidence that the plaintiff retains any permanent disability as a result of her compensable injury.
10. The plaintiff's Form 22, Wage Chart, was never produced by defendant. A Form 22 was provided by defendant reflecting the wage information of a "similar employee." At oral argument, attorney for defendant was asked why they were not able to produce a Form 22 for plaintiff. Attorney for defendant asserted that records were not kept for substitute teachers.
11. According to the Form 22 submitted by defendant, a similar employee earned $2,531.93 during a school year. Computed over a 10-month school year, this results in an average weekly wage of $58.47. Plaintiff's average weekly wage of $58.47 produces a weekly compensation rate of $38.98.
12. The plaintiff is entitled to all medical treatment intended to effect a cure, reduce her symptoms or lessen her period of disability as long as the same are related to her compensable injury.
13. The plaintiff has failed to prove by the greater weight that she experienced any continuing or permanent disability from her compensable injury following 22 May 2001.
14. Defendant failed to comply with North Carolina Industrial Commission Rules by not providing a Form 22 or any wage information reflecting the plaintiff's earnings.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Given that the plaintiff was a substitute teacher, she is specifically excluded from recovery for an "episode of violence." N.C.G.S. 115C-338.
2. On March 2, 2001, the plaintiff sustained a compensable injury by accident arising out of and in the course and scope of her employment with defendant-employer when she fell and sustained an avulsion fracture of the greater trochanter on the right side. N.C.G.S. § 97-2(6).
3. Plaintiff's average weekly wage at the time of the accident was $58.47, which yields a weekly compensation rate of $38.98. N.C.G.S. § 97-2(5).
4. As a direct and proximate result of the plaintiff's compensable injury, the plaintiff was unable to work in the same or any other employment and is entitled to temporary total disability compensation in the amount of $38.98 per week for the period from 2 March 2001 through and including 22 May 2001. N.C.G.S. § 97-29.
5. The plaintiff has reached maximum medical improvement. There is no evidence that the plaintiff retains any permanent disability as a result of her compensable injury. N.C.G.S. § 97-31.
6. The plaintiff is entitled to all medical treatment intended to effect a cure, reduce her symptoms or lessen her period of disability as long as the same are related to her compensable injury. N.C.G.S. §97-25.
7. The plaintiff has failed to prove by the greater weight that she experienced any continuing disability from her compensable injury following 22 May 2001. N.C.G.S. § 97-29.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. For her temporary total disability, defendant shall pay the plaintiff compensation at the rate of $38.98 per week from 2 March 2001 through and including 22 May 2001.
2. Defendant shall provide all medical treatment related to the plaintiff's compensable injury as long as the same is reasonably designed to effect a cure, provide relief or lessen the plaintiff's period of disability.
Defendant shall pay the costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER